<hr />

## No. 5024.

WILLIAM L. MORGAN & CO. *v.* POLICE JURY OF THE PARISH OF RAPIDES.

The police jury of the parish of Rapides is a political corporation of limited powers. Under authority to clear the banks of navigable rivers "for the purpose of securing a free passage for boats and other small river craft," R. S. sec. 2743, the police jury can not remove nor break up the woodyard of the plaintiffs, established years ago, and which in no manner interferes with the free navigation of Red river.

The police jury has authority to control the roads of the parish, Revised Statutes, sec. 3364, but the ordinance complained of does not profess to have been passed, and obviously was not passed, in the exercise of this power. Besides, a sufficient ground to defeat the pretensions of the police jury is that they have no authority to deprive plaintiffs of the right to pursue their occupation as keepers of a woodyard, which is not alleged to encroach on any public road.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *William A. Seay*, for plaintiffs and appellants. *R. P. Hunter*, District Attorney *pro tem.*, for defendants and appellees.

WYLY, J. The plaintiffs, the owners of a woodyard in front of their

property in the unincorporated village of Pineville, on Red river, injoin the police jury of the parish of Rapides from enforcing the ordinance adopted by said body, prohibiting, under penalty of fine and imprisonment, the petitioners from keeping for a certain period more than fifty cords, and prohibiting them absolutely from keeping wood for sale after a certain day, to wit: first January, 1874.

The court dissolved the injunction and the plaintiffs appeal.

It is proved that the woodyard does not in the least interfere with or obstruct the navigation of Red river, or the landing and taking on of freight for the inhabitants, nor is it shown that it encroaches upon or obstructs the public road laid off on the bank of the river. The parish of Rapides is a political corporation of limited powers; and looking to the statutes conferring these powers, we fail to find authority for the police jury to pass the ordinances complained of.

Under authority to clear the banks of navigable rivers, "for the purpose of securing a free passage for boats and other small river crafts," Revised Statutes, sec. 2743, the police jury can not remove or break up the woodyard of the plaintiffs, established years ago, and which in no manner interferes with the free navigation of the river. There is no other statute giving the police jury authority in regard to the navigation of the rivers.

They have authority to control the roads of the parish, Revised Statutes, sec. 3364, but the ordinance complained of does not profess to have been passed, and it obviously was not passed in the exercise of this power. If the police jury have authority to prevent the plaintiffs from keeping a woodyard in front of their property in the unincorporated village of Pineville, they can likewise prevent the establishment and administration of a woodyard in any other part of the parish; and thus they can arbitrarily break up the legitimate occupation of those engaged in supplying boats with fuel, and, to that extent, aiding in the navigation of Red river. But a sufficient ground to defeat the pretensions of the police jury is, they have no authority to deprive the plaintiffs of the right to pursue their occupation as keepers of a woodyard. If this woodyard encroaches upon the land laid out as a public road, of course the police jury can cause the entire road to be opened and remove whatever obstruction there may be to said road.

It is therefore ordered that the judgment herein be annulled, and it is now ordered that there be judgment perpetuating the injunction in this case, appellees paying costs of both courts.